RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

p. 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KENNETH ADAMSON,                    )
                                    )
            Plaintiff,              )        CIVIL ACTION NO.
                                    )
v.                                  )
                                    )
WYETH PHARMACEUTICALS f/k/a,        )
WYETH-AYERST PHARMACEUTICALS        )
and ROBERT WINTERS,                 )
                                    )        04   11623 DPW
            Defendants.             )
                                    )

## NOTICE OF REMOVAL OF CIVIL ACTION    MAGISTRATE JUDGE Dein

Pursuant to 28 U.S.C. §§ 1441, 1446 and Local Rule 81.1, Defendants Wyeth

Pharmaceuticals ("Wyeth") and Robert Winters ("Winters") (collectively "Defendants") hereby

notice the removal of the above-captioned matter, Kenneth Adamson v. Wyeth Pharmaceuticals

f/k/a Wyeth-Ayerst and Robert Winters, Civil Action No. 04-1213 (the "Action") from the

Middlesex Superior Court Department of the Trial Court of the Commonwealth of

Massachusetts, to the United States District Court for the District of Massachusetts. In support

thereof, Defendants state the following:

1.      Plaintiff Kenneth Adamson ("Adamson" or "Plaintiff") filed an administrative

complaint before the Massachusetts Commission Against Discrimination on April 26, 2002

(Docket No.: 02BEMO1999). On February 26, 2004, the Massachusetts Commission Against

Discrimination dismissed the administrative complaint without prejudice.

2.      Plaintiff commenced the Action herein in the Superior Court of Massachusetts,

Middlesex County on March 29, 2004.

3.     A copy of the Summons, Complaint, and the Civil Action Cover Sheet served on Defendants on June 22, 2004, is attached as Exhibit A and constitute all pleadings in the above-referenced action. Certified copies of the docket sheet and all pleadings and orders filed with the Middlesex Superior Court in the Action will be provided to this Court pursuant to Local Rule 81.1.

4.     Adamson's Complaint purports to state a claim for unlawful refusal to hire premised on Adamson's allegations of discriminatory hiring practices in "Area 11," a division of the Company which includes Massachusetts, and where Adamson sought a position as a District Manager, among others. Adamson, who was based in Massachusetts as an employee of a Company that had a contractual relationship with Wyeth, alleges that he was not hired for any of the positions he applied to with Wyeth directly due to his race and color.

5.     The Complaint seeks alleged damages including back pay, front pay, loss of reputation, emotional distress and punitive damages, together with costs, interest and fees.

6.     In accordance with 28 U.S.C. § 1446, this Notice of Removal has been filed within thirty (30) days after receipt of Adamson's Complaint.

7.     This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332. Adamson is a citizen of the State of Connecticut, Defendant Winters is a citizen of the Commonwealth of Pennsylvania, and Wyeth is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

8.     Although not articulated in Adamson's Complaint, the amount in controversy most certainly exceeds the sum of $75,000.00, exclusive of interest and costs.

2

9.      Adamson articulates approximately $60,000 in "reasonably anticipated lost wages" and seeks damages for his alleged "loss of earnings and benefits, past and future, for his [purported] mental anguish and suffering, and related damages." In light of the fact that Adamson alleges Defendants failed to hire him for numerous managerial positions, dating back to 1998, Adamson's total potential damages claim surely exceeds $75,000.00, the jurisdictional amount under 28 U.S.C. § 1332.

10.     By reason of the foregoing and pursuant to 28 U.S.C. § 1441(a), Defendants wish to exercise their rights to have this Action removed from the Superior Court Department, Commonwealth of Massachusetts, Middlesex, ss.

11.     Venue in this District is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(a).

12.     The time has not elapsed during which Defendants are entitled to file the Notice of Removal pursuant to 28 U.S.C. § 1446.

13.     Defendants will provide a certified copy of this Notice of Removal to the Clerk of the Court for the Middlesex Superior Court Department of the Trial Court for the Commonwealth of Massachusetts.

Respectfully submitted,

WYETH PHARMACEUTICALS
and ROBERT WINTERS

By their attorneys,

_____

Donald W. Schroeder, BBO #646700
Mintz, Levin, Cohn, Ferris, Glovsky,
  and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: July 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 21[th] day of July, 2004, the foregoing Notice of Removal was served by first class mail upon counsel for Plaintiff Kenneth Adamson at the following address:

Howard Mark Fine, Esq.
86 Sherman Street
Cambridge, MA 02140.

_____
Donald W. Schroeder

LIT 1467219v1

5

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss
{seal}

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

## 04-1213

Kenneth Adamson , Plaintiff(s)

v.

Wyeth Pharmaceuticals f/n/a Wyeth-Ayerst Pharmaceuticals
Robert Winters , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Howard Mark Fine, Esquire

plaintiff's attorney, whose address is 86 Sherman Street,

Cambridge, Massachusetts 02140 , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at Middlesex County,

Cambridge either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Middlesex Superior Court

the 21st day of June

, in the year of our Lord 2004 .

JUNE 22·2004
DATE OF SERVICE

*Edward J. Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

A TRUE COPY ATTEST

*Pasquale DeLoreto*
CONSTABLE
A DISINTERESTED PARTY

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
.....................................................................................................................

Dated: ...............................................................................................................

## N.B.  TO PROCESS SERVER:

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

(    ................................................., ............ )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1213

MIDDLESEX ............ ss.

Kenneth Adamson ...................................... Plff.

v.

Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals
................................................ Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**COVER SHEET**

Superior Court Department
County: Middlesex

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Kenneth Adamson | Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals, and Robert Winters |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Howard Mark Fine, 86 Sherman Street, Cambridge, Massachusetts 02140-3233 | Donald W. Schroeder, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, One Financial Center, Boston, Massachusetts 02111 |
| Board of Bar Overseers number: | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B-22 | Employment Discrim. | F | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ will supplement

Subtotal $ . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . $ will supplement
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $ Unknown
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 60K (approx.)
F. Other documented items of damages (describe) will supplement

$ . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered emotional distress, lost wages and benefits and related damages as a result of unlawful employment discrimination by Defendants.

$ . . . . . . . . . . .
TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/29/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        DOCKET NO. _____

————————————————————   )
                                        )
KENNETH ADAMSON                         )
    Plaintiff                      )
                                        )
       v.                      )
                                        )
WYETHT PHARMACEUTICALS f/n/a            )
WYETH-AYERST PHARMACEUTICALS)
    Defendant                      )
                                        )
ROBERT WINTERS                          )
    Defendant                      )
————————————————————   )

## COMPLAINT, RELIEF REQUESTED AND JURY DEMAND

### INTRODUCTION

1.  This cause of action seeks legal redress for unlawful and discriminatory treatment
    of the Plaintiff, Kenneth Adamson (hereinafter referred to as either "Plaintiff" or
    "Mr. Adamson") by Wyeth Pharmaceuticals f/n/a Wyeth-Ayerst Pharmaceuticals
    (hereinafter referred to either as "Defendant" or "Wyeth-Ayerst") and one of its
    managers, Robert Winters (hereinafter referred to as "Mr. Winters").   Mr.
    Adamson avers that but for reasons of discrimination and retaliation, Wyeth-
    Ayerst and Mr. Winters (hereinafter collectively referred to as "Defendants")
    refused to hire him for a permanent managerial or other suitable professional
    position, despite his qualifications, due to impermissible factors attributable to his
    race (African American) and color (Black), in violation of M.G.L. c. 151B.  The
    Plaintiff seeks damages and other relief for such unlawful conduct on Defendant's

part, including but not limited to lost pay, loss of reputation, front pay, an award for emotional distress, punitive damages, costs, pre-judgment interest and a reasonable attorney's fee.

### PARTIES

2. Mr. Adamson is an adult resident of Tolland, Connecticut. Mr. Adamson is African-American. At all times material herein Mr. Adamson was home-based in Ashland, Massachusetts, County of Middlesex, while working as part of Wyeth-Ayerst's contingent sales workforce and seeking permanent employment therewith.

3. Wyeth Pharmaceuticals is an international pharmaceutical company with offices in King of Prussia, Pennsylvania, and Cambridge, Massachusetts, County of Middlesex. At all times material herein, Wyeth-Ayerst did business in the Commonwealth of Massachusetts. Pursuant to the definitional section of M.G.L. c. 151B, s. 1(5), Defendant is an "employer" at all times material herein.

4. Mr. Robert Winters is an adult of Bryn Mawr, Pennsylvania and an employee of Wyeth-Ayerst. At all times material to this complaint, Mr. Winters was Mr. Adamson's Manager in "Area 11" during Mr. Adamson's job assignment with Wyeth-Ayerst as described more fully below. Mr. Winters is Caucasian.

### JURISDICTION

5. Jurisdiction is conferred upon this Honorable Court pursuant to M.G.L. c. 151B, § 9.

2

## FACTS

6.  At the time Mr. Adamson sought permanent employment as a district manager, he had more than thirteen years professional sales, marketing and training experience in the pharmaceutical industry, of which more than two years had been in a managerial capacity. Throughout his career, he has achieved recognition from his employers as a leader in his profession and has earned numerous awards for his high level of performance.

7.  In early 1998, or thereabout, Mr. Adamson interviewed with Wyeth-Ayerst for a pharmaceutical representative position, which, at the time, would have been a lateral career move. Despite being well qualified for the position, Defendant rejected his application.

8.  Since July 1999 to the present date, Plaintiff has been employed by Innovex Corporation (hereinafter referred to as "Innovex"). Innovex is a global corporation that provides sales and marketing services to pharmaceutical and biotech companies.

9.  At all times material herein, Plaintiff's immediate supervisor at Innovex was Carl Buschmann.

10. At all times material herein, Innovex temporarily assigned Mr. Adamson to provide full-time, on-site services for one of its major clients, Wyeth-Ayerst Pharmaceuticals. Initially, Mr. Adamson worked as a territory representative on Innovex's contract with Wyeth-Ayerst. Shortly thereafter, he was promoted to area field trainer. A few weeks later, he was promoted again to district manager, in which he was responsible for recruiting, training and otherwise supervising the

3

activities of a northeast regional sales force primarily in Massachusetts and Rhode
Island under the aforementioned Wyeth-Ayerst contract. Plaintiff at all material
times herein reported directly to and received supervision from Mr. Winters.

11. In January 2001, or thereabout, Plaintiff notified Wyeth-Ayerst and Innovex that
he was interested in joining Wyeth-Ayerst as either a district manager or in a
marketing position.

12. In March 2001, or thereabout, several district manager positions opened up at
Wyeth-Ayerst without either Wyeth-Ayerst or Innovex notifying him.
Unbeknownst to Plaintiff at the time was the fact that Mr. Winters was actively
interviewing candidates for district manager positions in order to expand the
Defendant's sales force in April 2001.

13. Upon learning about these opportunities, Plaintiff once again informed Defendant
of his interest in job openings for district manager and marketing positions.

14. In late March 2001, or thereabout, Mr. Adamson and Carl Bushmann confronted
Mr. Winters on why he had not considered Plaintiff for these positions. In
separate conversations with Plaintiff and Carl Buschmann, Mr. Winters stated that
he did not grant Plaintiff an interview because he purportedly assumed – without
any foundation in fact - that Plaintiff would not make a two-year commitment to
the northeast region (that is, Area 11). According to Mr. Buschmann, Mr.
Winters stated that he did not have any problems with Plaintiff's performance and
would consider him for future openings.

4

15. Defendants hired two other Innovex employees for district manager positions as part of the April 2001 workforce expansion other than Plaintiff. In each case, the employees hired were Caucasian and had qualifications inferior to Plaintiff's.

16. Around late March 2001, or thereabout, Defendant's Strategic Staffing department in Philadelphia, Pennsylvania interviewed Mr. Adamson for an area marketing position. As before, Defendant rejected his bid for permanent employment for no apparent reason. Based on Plaintiff's information and belief, Defendant sought to fill the position with an Innovex Manager, if possible.

17. On September 6, 2001, Plaintiff met at length with Mr. Winters to discuss business matters in Plaintiff's district. At one point, Plaintiff queried Mr. Winters on the prospect of permanently joining the latter's team as a manager. Mr. Winters was angered by Mr. Adamson's inquiry and responded by revealing for the first time that he was allegedly dissatisfied with Plaintiff's performance.

18. The Wyeth-Ayerst contract was scheduled to end in February 2002 or thereabout. Shortly before the contract was completed, Mr. Adamson once again expressed to Mr. Winters his interest in career opportunities at Wyeth-Ayerst. In particular, Mr. Adamson indicated that his initial preference was to continue working as a district manager in the northeast region. Alternately, he stated that he would consider other geographical areas or a suitable position in marketing. In December 2001, or thereabout, Mr. Adamson was granted an interview for a district manager position – the same position that he had been performing for Wyeth-Ayerst under Mr. Winters for the past two or so years.

5

19. At the end of 2001, Plaintiff also expressed to Defendant's Human Resources Department an interest in relocating and working temporarily as a representative -- a lower level position -- as a possible way of being positioned to advance to other, more suitable opportunities with Defendant. Shortly thereafter, Plaintiff was contacted by Mr. Winters who told him that an interview for a representative position in Area 11 could be arranged, if desired.

20. In a letter dated December 18, 2001, Wyeth-Ayerst's Director of Strategic Staffing formally notified Mr. Adamson that he was rejected for the district manager position.

21. Given this latest rejection and his history of unsuccessful attempts of gaining permanent employment with Wyeth-Ayerst, Mr. Adamson withdrew his bid for a representative position, believing that such a pursuit would be an unwise career decision since the position would be a significant demotion. In addition, Mr. Adamson felt that pursuing and even securing a lower level position, especially under Mr. Winters, would in any event lead ultimately to further embarrassment, humiliation and mistreatment.

22. On or about April 26, 2002, Plaintiff filed an administrative complaint of discrimination and retaliation with the Massachusetts Commission Against Discrimination (docket no. 02BEMO1999).

23. Prior to filing his administrative complaint, Mr. Adamson, in good faith, attempted to informally resolve his dispute with Defendant, but to no avail.

6

24. On February 26, 2004, the Massachusetts Commission Against Discrimination dismissed the complaint without prejudice in order for Plaintiff to pursue a civil action in superior court, pursuant to M.G.L. c. 151 B, § 9.

25. At all times material herein, Plaintiff was and remains well qualified for the positions he applied to at Wyeth-Ayerst.

26. At all times material herein Plaintiff performed his duties at Wyeth-Ayerst and Innovex in a competent and more than adequate manner.

27. At all times material herein, the Defendants have failed, neglected and/or deliberately refused to racially diversify Mr. Winter's region (Area 11).

28. Based on information and belief, Plaintiff contends that Defendant and/or Mr. Winters have engaged in a pattern and practice of failing to hire and/or promote African American and other qualified minorities for professional positions in pharmaceutical sales and marketing.

29. Defendant and Mr. Winter's reasons for failing to hire Plaintiff for permanent employment are based on impermissible factors attributable to Plaintiff's race, in violation of M.G.L. c. 151B.

## COUNT I: RACE DISCRIMINATION
### M.G.L. c. 151B, s. 4(1)
#### (Defendants)

30. Plaintiff realleges and reavers the facts and allegations as set forth in paragraphs 1 to 29 as if specifically set forth herein.

31. Plaintiff has suffered and continues to suffer adverse personnel actions as a direct result of Defendants' ongoing and continuous failure to hire Plaintiff and other qualified minorities for permanent positions.

7

32. The circumstances resulting in Plaintiff's employment dispute with Defendants give rise to the inference that adverse actions he has suffered were due to unlawful discrimination in violation of state law.

33. The acts of Defendants are directly related to the damages sustained by Plaintiff for the unlawful actions as set forth herein, including but not limited to consequential and other related damages.

34. As a direct consequence of Defendants' unlawful conduct, Plaintiff has incurred financial damages, emotional distress and other related damages.

### COUNT II: INTEFERENCE WITH STATUTORY RIGHTS
M.G.L. c. 151B, s. 4(4A)
(Robert Winters)

35. Plaintiff realleges and reavers the facts and allegations as set forth in paragraphs 1 to 34 as if specifically set forth herein.

36. The actions of Mr. Winters, as described above, were coercive, intimidating, threatening or otherwise intended to interfere with Plaintiff's exercise and enjoyment of his legal rights under state law.

37. The actions of Mr. Winters are directly related to the damages sustained by Plaintiff for the unlawful actions as set forth herein, including but not limited to consequential and other related damages.

38. As a direct consequence of Defendants' unlawful conduct, Plaintiff has incurred financial damages, emotional distress and other related damages.

8

## COUNT III: AIDING AND ABETTING
### M.G.L. c. 151B, s. 4(5)
(Robert Winters)

39. Plaintiff realleges and reavers the facts and allegations as set forth in paragraphs 1 to 38 as if specifically set forth herein.

40. The actions of Mr. Winters, as described above, were intended to aid, abet, incite, compel and/or coerce Defendant to interfere with Plaintiff's exercise and enjoyment of his legal rights under state law.

41. The actions of Mr. Winters are directly related to the damages sustained by Plaintiff for the unlawful actions as set forth herein, including but not limited to consequential and other related damages.

42. As a direct consequence of Defendants' unlawful conduct, Plaintiff has incurred financial damages, emotional distress and other related damages.

### JURY TRIAL

43. Plaintiff requests a jury trial on all counts pled.

### RELIEF

44. Plaintiff prays that this Honorable Court grant him the following relief:

    a.  Award of damages sufficient to compensate him for his loss of earnings and benefits, past and future, for his mental anguish and suffering, and related damages;

    b.  Award of reasonable attorney's fee, costs, statutory interest and any other relief to which Plaintiff is entitled under M.G.L. c. 151B, s. 5; and

    c.  Grant any all other relief as this Honorable Court deems just and proper.

9

Respectfully submitted by counsel
on behalf of Kenneth Adamson:

Howard Mark Fine, Esquire
86 Sherman Street
Cambridge, Massachusetts 02140-3233
617-868-9200
B.B.O. 554671

Dated: March 29, 2004

10

℀JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Kenneth Adamson

**DEFENDANTS**

Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals, and Robert Winters

(b) County of Residence of First Listed Plaintiff  Tolland County, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Morris County, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Howard Mark Fine, 86 Sherman St., Cambridge, MA 02140-3233
617-868-9200

Attorneys (If Known)

Donald W. Schroeder, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, One Financial Center, Boston, MA  02111
617-542-6000

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1441, 1446, 1332  -  Diversity of citizenship

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  7/21/04

SIGNATURE OF ATTORNEY OF RECORD  DWS

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Kenneth Adamson v. Wyeth Pharmaceuticals f/k/a Wyeth - Ayerst Pharmaceuticals**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

[ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

[ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

[ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

[ ] V.   150, 152, 153.

04  11  20  DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Donald W. Schroeder__
ADDRESS __Mintz Levin Cohn Ferris Glovsky and Popeo, One Financial Center, Boston, MA 02111__
TELEPHONE NO. __617-542-6000__

(Coversheetlocal.wpd - 10/17/02)