UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH ADAMSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | 04cv 11623DPW |
| WYETH PHARMACEUTICALS f/k/a, ) | |
| WYETH-AYERST PHARMACEUTICALS ) | |
| and ROBERT WINTERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Wyeth Pharmaceuticals ("Wyeth") and Robert Winters ("Winters")
(collectively the "Defendants") hereby submit this Answer in response to the Complaint of
Plaintiff Kenneth Adamson ("Plaintiff" or "Adamson"), as follows:

1.      It is admitted that Plaintiff alleges that Defendants engaged in various forms of
discrimination on the basis of Plaintiff's race (African-American) and color (black).  It is
specifically denied that Defendants have engaged in any discrimination or other illegal practices
and that Plaintiff has suffered any cognizable harm as a result of any wrongful conduct of
Defendants.  Paragraph 1 of the Complaint contains conclusions of law to which no response is
required.  Moreover, to the extent that the allegations contained in Paragraph 1 of the Complaint
pertain to a claim for retaliation, those allegations are the subject of Defendants' Partial Motion
to Dismiss, and, therefore, no response is required.  The remaining allegations in Paragraph 1 are
denied.

2.      It is admitted that Adamson is African-American and a resident of Tolland, Connecticut. Defendants deny that Adamson was ever employed by Wyeth. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, and, therefore, they are denied.

3.      It is admitted that Wyeth is a pharmaceutical company with offices located in King of Prussia, Pennsylvania and Cambridge, Massachusetts. The remaining allegations in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining allegations contained in Paragraph 3 of the Complaint are denied.

4.      It is admitted that Winters is Caucasian, a resident of Glenmoore, Pennsylvania and a Wyeth employee. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.      The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining allegations contained in Paragraph 5 of the Complaint are denied.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, they are denied.

7.      The allegations contained in Paragraph 7 of the Complaint are the subject of Defendants' Partial Motion to Dismiss, and, therefore, no response is required.

8.      It is admitted that Innovex Corporation is a company that provides sales and marketing services to pharmaceutical companies. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and, therefore, they are denied.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and, therefore, they are denied.

10.    It is admitted that, pursuant to a contractual agreement with Innovex Corporation, a certain number of Innovex contract employees were assigned to Wyeth's sales force and that Adamson supervised Innovex employees assigned to the Wyeth contract. It is denied that Adamson "reported directly to and received supervision from" Winters. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, they are denied.

11.    The allegations contained in Paragraph 11 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

12.    The allegations contained in Paragraph 12 of the Complaint are the subject of Defendants' Partial Motion to Dismiss, and, therefore, no response is required.

13.    The allegations contained in Paragraph 13 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

14.    The allegations contained in Paragraph 14 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

15.    The allegations contained in Paragraph 15 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

16.    The allegations contained in Paragraph 16 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

17.     The allegations contained in Paragraph 17 of the Complaint are the subject of Defendants' Partial Motion to Dismiss and, therefore, no response is required.

18.     It is admitted that in September 2001 Winters and Adamson met to discuss sales performance results in Adamson's district and that during that conversation Adamson inquired about potential employment opportunities at Wyeth, including but not limited to managerial openings. It is further admitted that Adamson was interviewed by Winters in December 2001 for a District Manager position. The remaining allegations contained in Paragraph 18 of the Complaint are denied.

19.     It is admitted that in or about November 2001, Adamson, via letter to Wyeth's Human Resources Staffing Manager, applied for five different positions: District Manager; Marketing; Area Account Manager, Psychiatry Specialty Manager and Psychiatry Specialty District Manager. It is further admitted that, after Adamson was rejected for the District Manager position, Winters contacted Adamson in or about December 2001 regarding an Area Account Manager position at Wyeth and arranged an interview for Adamson for that position. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and, therefore, they are denied.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     It is admitted that Adamson refused the opportunity to interview for the Area Account Manager position without explanation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and, therefore, they are denied.

22.    It is admitted that Plaintiff filed an administrative complaint on or about April 26, 2002, with the Massachusetts Commission Against Discrimination, alleging discrimination. The remaining allegations contained in Paragraph 22 of the Complaint are denied.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    The allegations contained in Paragraph 24 of the Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 24 of the Complaint are denied.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## COUNT I

30.    Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 29 above in response to Paragraph 30.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 32 of the Complaint are denied.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## COUNT II

35.     Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 34 above in response to Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations contained in Paragraph 36 of the Complaint are denied.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## COUNT III

39.     Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 38 above in response to Paragraph 39.

40.     The allegations contained in Paragraph 40 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations contained in Paragraph 40 of the Complaint are denied.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint is a demand for jury trial to which no response is required.

44.     Paragraph 44 of the Complaint is a prayer for relief to which no response is required.  To the extent that a response is deemed necessary, the allegations contained in Paragraph 44 of the Complaint are denied.

**WHEREFORE**, Defendants request that this Court:

1.     Enter judgment in favor of Defendants and against Plaintiff;

3.    Award Defendants costs, attorneys' fees and expenses in this action; and

4.    Award Defendants such other relief as is just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiff's claims are barred because Wyeth and/or Winters were not employers of Plaintiff pursuant to Massachusetts General Laws, Chapter 151B §1(5).

4.    Plaintiff has failed to state a claim for discrimination under Massachusetts General Laws, Chapter 151B.

5.    Plaintiff has failed to state a claim for retaliation under Massachusetts General Laws, Chapter 151B.

6.    Plaintiff's claims are barred by his failure to mitigate his damages.

7.    Plaintiff's claims are barred, in whole or in part, because he has failed to exhaust his administrative remedies.

8.    Plaintiff's claims are not cognizable under Massachusetts law.

9.    Plaintiff's claims are barred, in whole or in part, by waiver, laches and/or estoppel.

10.    Plaintiff's claims are barred because he has sustained no damages.

11.    Plaintiff's claims are barred because he has failed to allege a cognizable pattern and practice of discrimination.

12.    Plaintiff has failed to establish any basis for asserting compensatory damages, punitive damages and equitable relief.

13.    Defendants acted reasonably and in good faith.

7

Respectfully submitted,

WYETH PHARMACEUTICALS
and ROBERT WINTERS


_____
Donald W. Schroeder, BBO #646700
Mintz, Levin, Cohn, Ferris, Glovsky,
  and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: July 28, 2004

## CERTIFICATE OF SERVICE

I, Donald W. Schroeder, do hereby certify that I caused a copy of the foregoing Answer to be served upon counsel of record for the Plaintiff via first class mail this 28th day of July, 2004 to the following address:

> Howard Mark Fine
> 86 Sherman Street
> Cambridge, MA 02140

_____
Donald W. Schroeder