UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH ADAMSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 04-CV-11623 (DPW) |
| ) | |
| v. ) | |
| ) | |
| WYETH PHARMACEUTICALS f/k/a, ) | |
| WYETH-AYERST PHARMACEUTICALS ) | |
| and ROBERT WINTERS, ) | |
| ) | |
| Defendants. ) | |

## LOCAL RULE 16.1(D) JOINT STATEMENT

Counsel for Plaintiff Kenneth Adamson ("Plaintiff" or "Mr. Adamson") and Defendants Wyeth Pharmaceuticals ("Wyeth" or the "Company") and Robert Winters ("Mr. Winters") (collectively the "Defendants"), conferred as required by Local Rule 16.1(B), and now submit this Joint Statement in accordance with Local Rule 16.1(D).

**I.  SCHEDULING CONFERENCE AGENDA**

    A.  Defendants' pending Motion to Dismiss Paragraphs 7 and 11 through 17 of the Complaint.

    B.  The parties and their claims.

    C.  The parties' proposed discovery and motion schedule.

    D.  Plaintiff's demand and the prospects for settlement.

    E.  Scheduling a case management conference and/or final pre-trial conference.

1

**II.    THE PARTIES AND THEIR CLAIMS**

*Plaintiff's Statement*

Pursuant to M.G.L. c. 151B, Mr. Adamson seeks damages for unlawful employment discrimination and retaliation by Wyeth and Mr. Winters. Plaintiff avers that despite repeated efforts, and notwithstanding his sound qualifications in the pharmaceutical industry, Defendants denied him employment, starting in 1998, when he first applied for a pharmaceutical representative position, and throughout 2001, when he had worked as a contingent employee in Mr. Winters's region.

The Plaintiff alleges that the Defendants, because of his race (African American), disparately treated him in the selection of candidates for district manager and other related positions in area of pharmaceutical sales and marketing. In particular, he avers that the Defendants routinely selected other candidates outside his protected class, whose credentials were inferior to his. Despite his qualifications and high level of performance as a temporary employee, a glass ceiling was imposed by the Defendants which prevented him and other qualified minorities from obtaining professional positions in these fields. Although both Mr. Adamson and his manager from Innovex, Inc. (Carl Buschmann) confronted Mr. Winters as to the reason why the former was overlooked for permanent employment, such efforts were ultimately unsuccessful. Plaintiff alleges that Mr. Winters' sales region remained racially undiversified before and during Mr. Adamson's Wyeth assignment, and that Winters' and/or Wyeth's personnel selection practices are indicative of a pattern and practice of unlawful discrimination.

The unlawful discrimination and retaliation have affected the Plaintiff's career advancement, both professionally, personally, and financially. Plaintiff seeks compensatory

damages for his losses as allowed under the above statute, including an award for emotional distress, lost compensation and benefits, a reasonable attorney's fee and litigation costs, and punitive damages.

*Defendants' Statement*

Plaintiff Kenneth Adamson asserts claims for race discrimination against Defendants, for their alleged failure to hire him for direct employment at Wyeth. Pending before this Court is Defendants' Motion under Fed. R. Civ. P. 12(b)(6), seeking dismissal of Paragraphs 7 and 11 through 17 of the Complaint, which contain allegations predating the applicable statute of limitations or are outside the scope of his administrative charge.

The Complaint alleges that Defendants engaged in a pattern and practice of discrimination against minorities because Plaintiff, an African-American, was not offered full-time employment with Wyeth. Specifically, Plaintiff claims that Wyeth and/or Mr. Winters, discriminatorily failed to hire Mr. Adamson for a "permanent managerial or other suitable professional position" for reasons relating solely to his race and color. [1]

The facts will prove otherwise. Even if the Court considers Plaintiff's time-barred allegations, in total, Plaintiff alleges three discrete instances of failure to hire, involving different decision-makers in each case, and one discrete allegation that Plaintiff was not notified of and considered for possible positions in March 2001. Plaintiff also fails to set forth specific allegations (other than sweeping generalizations) of discrimination against other minority employees or applicants. In the final analysis, Plaintiff's allegations do not amount to a pattern and practice of discrimination.

---

[1] Mr. Winters is the Area Business Director for Area 11, a region comprised of Massachusetts, New Hampshire, Rhode Island, Vermont and Maine.

### III.  JOINT DISCOVERY PLAN AND SCHEDULE FOR MOTION PRACTICE

The parties have conferred, and, except where otherwise noted, agree upon the following joint discovery plan:

**Proposed Pretrial Schedule and Discovery Plan**

| Event | Date |
| --- | --- |
| Amendments to Complaint | Within 10 days following final ruling on Defendants' Motion to Dismiss |
| Scheduling Conference | August 26, 2004 |
| Rule 26(a)(1) Disclosures | September 15, 2004 |
| Completion of fact discovery, including completion of depositions, expert depositions and discovery, production of documents and all written fact discovery | Within 4 months following the Court's ruling on Defendants' Motion to Dismiss[2/3] |
| Disclosure of Plaintiff's Experts | Within 2 months following the Court's ruling on Defendants' Motion to Dismiss |
| Disclosure of Defendants' Experts | Within 3 months following the Court's ruling on Defendants' Motion to Dismiss |
| Filing of Dispositive Motions | Within 6 months following the Court's ruling on Defendants' Motion to Dismiss[4] |
| Final Pretrial Conference | TBD by Court following the Court's ruling on any dispositive motions. |

---

[2/]  Because a ruling on Defendant's Motion to Dismiss is necessary to determine the scope of discovery, the discovery plan should be implemented around such ruling.

[3]  Due to the location of the parties, witnesses, and complexity of the case, Plaintiff seeks a longer discovery period, at the court's discretion.

[4]  Plaintiff proposes that Dispositive Motions be filed within three months from the completion of discovery.

4

With respect to the filing of any dispositive motion by any party, any other party may file an opposition to the motion within thirty (30) days of the filing of the original motion. The moving party may, without further leave, file a reply brief within seven (7) days of the filing of the opposition. No other submissions pertaining to the motion may be filed without leave of court obtained in advance. The Federal Rules of Civil Procedure and Local Rule 7.1 shall be followed in all other respects.

### IV.    TRIAL BY MAGISTRATE JUDGE

The parties will not consent to a trial by a Magistrate Judge.

### V.    CERTIFICATION

The Plaintiff's and Defendants' certifications required by Local Rule 16.1(D)(3) are attached hereto as Exhibits A and B, respectively.

### VI.    PROSPECTS FOR SETTLEMENT

On or about August 12, 2004, Plaintiff submitted a written demand for settlement to Wyeth, which Wyeth has rejected. There have been no further settlement discussions.

### VII.    ALTERNATIVE DISPUTE RESOLUTION

Plaintiff is agreeable to mediation. No agreement has been made at this time for alternative dispute resolution.

| KENNETH ADAMSON | WYETH PHARMACEUTICALS and ROBERT WINTERS |
|---|---|
| By his attorney, | By their attorney, |
| _____/s/_____ | _____/s/_____ |
| Howard M. Fine, BBO# 554671 | Donald W. Schroeder, BBO #646700 |
| 86 Sherman Street | Mintz, Levin, Cohn, Ferris, Glovsky, |
| Cambridge, MA 02140-3233 | and Popeo, P.C. |
| (617) 868-9200 | One Financial Center |
|  | Boston, MA 02111 |
|  | (617) 542-6000 |

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

KENNETH ADAMSON,           )
                           )
         Plaintiff,        )      CIVIL ACTION NO.: 04-CV-11623 (DPW)
                           )
v.                         )
                           )
WYETH PHARMACEUTICALS f/k/a, )
WYETH-AYERST PHARMACEUTICALS )
and ROBERT WINTERS,        )
                           )
         Defendants.       )
_____ )

**PLAINTIFF AND PLAINTIFF'S COUNSEL'S
CERTIFICATE OF COMPLIANCE WITH D. MASS. R. 16.1(D)(3)**

In accordance with D. Mass. R. 16.1(D)(3), the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course of, and various alternative courses to, the litigation and (2) to consider the alternative dispute resolution programs such as those outlined in D. Mass. R. 16.4.


_____/s/_____          _____/s/_____
Kenneth Adamson                        Howard M. Fine, BBO#
                                       86 Sherman Street
                                       Cambridge, MA 02140-3233
                                       (617) 868-9200

Dated: August ___, 2004

## **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
KENNETH ADAMSON,         )
                                            )
      Plaintiff,                )     CIVIL ACTION NO.: 04-CV-11623 (DPW)
                                            )
v.                                         )
                                            )
WYETH PHARMACEUTICALS f/k/a,    )
WYETH-AYERST PHARMACEUTICALS )
and ROBERT WINTERS,      )
                                            )
      Defendants.             )
_____)

### **DEFENDANTS' AND DEFENDANTS' COUNSEL'S CERTIFICATE OF COMPLIANCE WITH D. MASS. R. 16.1(D)(3)**

In accordance with D. Mass. R. 16.1(D)(3), the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course of, and various alternative courses to, the litigation and (2) to consider the alternative dispute resolution programs such as those outlined in D. Mass. R. 16.4.

_____/s/_____                    _____/s/_____
Robert Winters                                  Donald W. Schroeder, BBO #646700
                                                       Mintz, Levin, Cohn, Ferris, Glovsky,
                                                         and Popeo, P.C.
                                                       One Financial Center
                                                       Boston, MA  02111
                                                       (617) 542-6000

_____/s/_____
Mary Elizabeth Nagy, Esq.,
  Division Counsel, Labor & Employment
On behalf of Wyeth Pharmaceuticals

Dated:  August 19, 2004

LIT 1473388v3