UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH ADAMSON<br>    Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) |  |
| WYETH PHARMACEUTICALS f/n/a<br>WYETH-AYERST PHARMACEUTICALS)<br>    Defendant | )<br><br>) | C.A. NO. 04-CV-11623-DPW |
| ROBERT WINTERS<br>    Defendant | )<br>)<br>) |  |

PLAINTIFF'S AUTOMATIC DISCLOSURES PURSUANT TO
LOCAL RULES 26.1(B) AND 26.2(A)

COMES now Howard Mark Fine, counsel for plaintiff Kenneth Adamson in the above-captioned matter, and, pursuant to Local Rules 26.1(B) and 26.2(A) makes the following automatic disclosures:

A. <u>STATEMENT OF ECONOMIC DAMAGES</u>

Plaintiff has not been able to determine all damages set forth in L.R.26.1(B)(1)(a), but believes that, as a result of Defendants' unlawful discriminatory conduct, his rate of compensation and extent of benefits is significantly lower than the wages and benefits he otherwise would have received had he been hired by Defendants. Plaintiff further states that h has incurred emotional distress damages, but has not sought professional treatment.

B. <u>PARTICIPANTS, WITNESSES AND OTHERS KNOWN OR BELIEVED TO HAVE KNOWLEDGE OF THE TRANSACTION OR OCCURRENCE GIVING RISE TO THE COMPLAINT</u>

a.      Kenneth Adamson, 29 Clearbrook Drive, Tolland, CT  06084; telephone number 860-454-0287.  Plaintiff has knowledge directly concerning the events which give rise to his claim of race discrimination.

b.      Robert Winters, c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania  19406; telephone number 610-313-4200.  Witness has knowledge about his and Wyeth's hiring practices, particularly with respect to minorities.  He is believed to have knowledge about Defendants' failure to hire Plaintiff for a permanent position and is believed to have knowledge about other material facts which give rise to Plaintiff's claim.

c.      Brad Hardy, L/N/A Wyeth Pharmaceuticals, Inc., 2100 Renaissance Boulevard, King of Prussia, Pennsylvania  19406; telephone number 610-313-4200.  Witness was subordinate of Mr. Winters and is believed to have knowledge of the underlying material facts of case.

d.      Pat Daly, L/N/A c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania  19406; telephone number 610-313-4200.  Comparative Innovex employee under Mr. Winters who is believed to have personal knowledge about Defendants' selection process for hiring district managers in winter of 2001.

e.      Peter Rzewnicki , c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania  19406; telephone number 610-313-4200.  Comparative Innovex employee under Mr. Winters who is believed to have personal knowledge about Defendants' selection process for hiring district managers in winter of 2001.

f.Thomas Michael Duggan, c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania 19406; telephone number 610-313-4200. Comparative Wyeth employee under Mr. Winters who is believed to have knowledge about Defendants' employment practices.

g.Oliver Konarkowski, c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania 19406; telephone number 610-313-4200. Comparative Wyeth employee under Mr. Winters who is believed to have knowledge about Defendants' employment practices.

h.Kurtis Buckner, c/o Wyeth Pharmaceuticals, Inc. ("Wyeth"), 2100 Renaissance Boulevard, King of Prussia, Pennsylvania 19406; telephone number 610-313-4200. Comparative Wyeth employee under Mr. Winters who is believed to have knowledge about Defendants' employment practices.

i.Carl Buschmann, c/o Innovex, Inc., 10 Waterview Boulevard, Parsippany, New Jersey 07054; telephone number 1-888-INNOVEX. Plaintiff's former Innovex supervisor who has direct knowledge about Plaintiff's performance. Further, witness is believed to have knowledge about the Wyeth contract with Innovex and events which give rise to Plaintiff's claim of race discrimination against Defendants.

j.John Lauer, Wyeth Pharmaceuticals, Inc., 2100 Renaissance Boulevard, King of Prussia, Pennsylvania 19406; telephone number 610-313-4200. Wyeth's Senior Group Sales Training Manager who is believed to have knowledge about Plaintiff's qualifications as a trainer for Innovex representatives going through the Wyeth system.

k.	Stephen Arena, c/o Innovex, 10 Waterview Boulevard, Parsippany, New Jersey 07054; telephone number 1-888-INNOVEX. Innovex employee who replaced Pat Daly and who is believed to have knowledge about relevant job duties under the Wyeth contract, Plaintiff's job performance, and Wyeth's personnel selection practices.

l.	Janice Glover, 8 Village Way, Natick, Massachusetts 01760; telephone number 508-651-1588. Subordinate of Mr. Winters' region during the 1990s and is believed to have knowledge about the lack of racial diversity in Mr. Winters' region.

m.	Jennifer Rackowski, c/o Innovex, Inc., 10 Waterview Boulevard, Parsippany, New Jersey 07054; telephone number 1-888-INNOVEX. Innovex Human Resources representative who is believed to have knowledge about Plaintiff internal complaint of race discrimination. Witness is also believed to have knowledge about Wyeth's response to Plaintiff's complaint.

n.	Tom Sherwin, c/o Innovex, 10 Waterview Boulevard, Parsippany, New Jersey 07054; telephone number 1-888-INNOVEX. Witness is knowledgeable about Plaintiff's reputation and abilities as an Innovex manager.

o.	Eugene J. Sackett, L/N/A Wyeth Pharmaceuticals, Inc., 2100 Renaissance Boulevard, King of Prussia, Pennsylvania 19406; telephone number 610-313-4200. Wyeth's Director of Strategic Staffing; who is believed to have knowledge concerning Wyeth's rejection of Plaintiff for permanent employment. Witness is also believed to have knowledge about Wyeth's personnel selection and other human resource policies, practices and procedures.

4

    p.      Claudia Diotalevi , L/N/A Wyeth Pharmaceuticals, Inc., 2100 Renaissance Boulevard, King of Prussia, Pennsylvania  19406; telephone number 610-313-4200.  Witness interviewed Plaintiff two times for a sales representative position and is believed to have knowledge about Wyeth's rejection of Plaintiff for permanent employment in 1998, or thereabout.

    q.      Douglas Left ridge, L/N/A Innovex, Inc., 10 Waterview Boulevard, Parsippany, New Jersey  07054; telephone number 1-888-INNOVEX.  As former Innovex District Manager, witness is believed to have personal knowledge about race discrimination at Wyeth.

C.    DOCUMENTS

**Witness Statements**

Plaintiff has produced "DRAFT" unsigned affidavits of Carl Buschmann, Plaintiff's former Innovex Manager.  See Exhibits A and B, which are attached hereto.  These documents were obtained in anticipation of litigation pursuant to the Attorney-Work doctrine.  Production of the same as part of automatic disclosure is not intended as a waiver of the Attorney Work-Product doctrine for all future purposes.

**Additional Documents**

Pursuant to a predetermination discovery order issued by the Massachusetts Commission Against Discrimination, counsel for the parties exchanged numerous confidential and non-confidential documents, including, but not limited to, personnel records, personnel policies, Plaintiff's income, job performance data, and various correspondence.  See e.g. Exhibit C, which is attached hereto.

D. KNOWN INVESTIGATING GOVERNMENTAL AGENCIES

See <u>Kenneth Adamson v. Wyeth Yarest Pharmaceuticals and Robert Winters</u>, Massachusetts Commission Against Discrimination ("MCAD"), docket no. 02BEM-01999; Equal Employment Opportunity Commission ("EEOC"), docket no. 16CA202366.

Per Plaintiff's request, the MCAD dismissed the above complaint, on or about February 26, 2004, so that Plaintiff could pursue a civil action on his state claims. Shortly thereafter, in the spring of April 26, 2004, the EEOC issued a right to sue letter regarding Plaintiff's federal claims.

E. DISCLOSURE OF EXPERT TESTIMONY

The Plaintiff has not yet determined the identity of any expert witness who may be called at trial. The Plaintiff recognizes his duty to seasonably supplement this and other responses and will do so in accordance with the Federal Rules of Civil Procedure, local rules, as well as orders of this Court.

F. RESERVATION

Plaintiff reserves his right to amend this certification with sufficient notice to the Court and counsel of record as circumstances may require.

              Respectfully submitted by:

              /s/ Howard Mark Fine
              Howard Mark Fine, Esquire
              Counsel for Kenneth Adamson
              86 Sherman Street
              Cambridge, Massachusetts  02140-3233
              B.B.O. No. 554671
              617-868-9200

Dated: September 16, 2004

CERTIFICATE OF SERVICE

      I, Howard Mark Fine, hereby certify that on September 16, 2004, I have served a copy of the foregoing Plaintiff's Automatic Disclosures Pursuant to Local Rules 26.1(B) and 26.2(A), and disclosed documents attached thereto, via U.S. mail, first class postage prepaid, to the following counsel of record:

      Donald W. Schroeder, Esquire
      B.B.O. 646700
      Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.
      One Financial Center
      Boston, Massachusetts  02111
      617-542-6000

            Respectfully submitted by:

            /s/ Howard Mark Fine
            Howard Mark Fine, Esquire
            Counsel for Kenneth Adamson
            86 Sherman Street
            Cambridge, Massachusetts  02140-3233
            B.B.O. No. 554671
            617-868-9200