UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH ADAMSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 04-CV-11623 (DPW) |
| ) | |
| v. ) | |
| ) | |
| WYETH PHARMACEUTICALS f/k/a, ) | |
| WYETH-AYERST PHARMACEUTICALS ) | |
| and ROBERT WINTERS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Wyeth Pharmaceuticals ("Wyeth") and Robert Winters ("Winters") (collectively the "Defendants") hereby submit this Answer in response to the First Amended Complaint of Plaintiff Kenneth Adamson ("Plaintiff" or "Adamson"), as follows:

1. It is admitted that Plaintiff alleges that Defendants engaged in various forms of discrimination on the basis of Plaintiff's race (African-American) and color (black). It is specifically denied that Defendants have engaged in any discrimination or other illegal practices and that Plaintiff has suffered any cognizable harm as a result of any wrongful conduct of Defendants. Paragraph 1 of the First Amended Complaint contains conclusions of law to which no response is required. To the extent that the Court may require a response to the allegations contained in Paragraph 1 of the First Amended Complaint, the remaining allegations in Paragraph 1 are denied.

2. It is admitted that Adamson is African-American and a resident of Tolland, Connecticut. Defendants deny that Adamson was ever employed by Wyeth. Defendants are

1

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the First Amended Complaint, and, therefore, they are denied.

3. It is admitted that Wyeth is a pharmaceutical company with offices located in King of Prussia, Pennsylvania and Cambridge, Massachusetts. The remaining allegations in Paragraph 3 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining allegations contained in Paragraph 3 of the First Amended Complaint are denied.

4. It is admitted that Winters is Caucasian, a resident of Glenmoore, Pennsylvania and a Wyeth employee. The remaining allegations contained in Paragraph 4 of the First Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining allegations contained in Paragraph 5 of the First Amended Complaint are denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint and, therefore, they are denied.

7. It is admitted that, unbeknownst to Winters, Plaintiff interviewed for a pharmaceutical representative position with Wyeth in 1999. It is also admitted that Wyeth rejected Plaintiff for the opening. It is denied that Plaintiff was "well qualified." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 7 of the First Amended Complaint and, therefore, they are denied.

8.  It is admitted that Innovex Corporation is a company that provides sales and marketing services to pharmaceutical companies. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the First Amended Complaint, and, therefore, they are denied.

9.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint, and, therefore, they are denied.

10. It is admitted that, pursuant to a contractual agreement with Innovex Corporation, a certain number of Innovex contract employees were assigned to Wyeth's sales force and that Adamson supervised Innovex employees assigned to the Wyeth contract. It is denied that Adamson "reported directly to and received supervision from" Winters. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the First Amended Complaint and, therefore, they are denied.

11. It is admitted that, in late January/early February 2001, Plaintiff expressed an interest in working for Wyeth in either a District Manager position in Richmond, Virginia or a Marketing position in Radnor, Pennsylvania. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint and, therefore, they are denied.

12. It is admitted that Mr. Winters conducted interviews for District Manager openings at various times in early 2001. Defendants specifically deny that they had any obligation to notify Plaintiff of job openings at Wyeth. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the First Amended Complaint, and, therefore, they are denied.

13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint because Plaintiff fails to identify to whom he allegedly spoke, and, therefore, the allegations are denied.

14.  It is admitted that at some point after the hiring for the early 2001 District Manager positions was complete, Mr. Buschmann expressed to Mr. Winters that Plaintiff would like to be considered for any District Manager positions. Mr. Winters responded that he did not have any problems with Plaintiff and that he would consider Plaintiff for future openings. At or around that same time, Plaintiff also expressed his interest to Winters in any future openings for the District Manger position. As he told Mr. Buschmann, Winters informed Plaintiff that he would consider him for any future District Manager openings. The remaining allegations contained in Paragraph 14 of the First Amended Complaint are denied.

15.  It is admitted that, based upon specific recommendations, Winters interviewed and subsequently decided to hire two Caucasian Innovex managers for District Manager positions in early 2001. It is specifically denied that those individuals had "qualifications inferior to Plaintiff's."

16.  It is admitted that Plaintiff was interviewed by people other than Mr. Winters for a potential Area Marketing Manager position in early 2001 and that he was not offered employment. The remaining allegations contained in Paragraph 16 of the First Amended Complaint are denied.

17.  It is admitted that Mr. Winters expressed dissatisfaction with certain aspects of Plaintiff's performance at a meeting with Plaintiff in or around September 2001 and that Plaintiff

inquired about potential employment opportunities with Wyeth. The remaining allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18. It is admitted that in September 2001 Winters and Adamson met to discuss sales performance results in Adamson's district and that during that conversation Adamson inquired about potential employment opportunities at Wyeth, including but not limited to managerial openings. It is further admitted that Adamson was interviewed by Winters in December 2001 for a District Manager position. The remaining allegations contained in Paragraph 18 of the First Amended Complaint are denied.

19. It is admitted that in or about November 2001, Adamson, via letter to Wyeth's Human Resources Staffing Manager, expressed an interest in five different positions: District Manager; Marketing; Area Account Manager, Psychiatry Specialty Manager and Psychiatry Specialty District Manager. It is further admitted that, after Adamson was rejected for the District Manager position, Winters contacted Adamson in or about December 2001 regarding an Area Account Manager position at Wyeth and arranged an interview for Adamson for that position. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the First Amended Complaint, and, therefore, they are denied.

20. Defendants admit the allegations contained in Paragraph 20 of the First Amended Complaint.

21. It is admitted that Adamson refused the opportunity to interview for the Area Account Manager position without explanation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the First Amended Complaint, and, therefore, they are denied.

22. It is admitted that Plaintiff filed an administrative First Amended Complaint on or about April 26, 2002, with the Massachusetts Commission Against Discrimination, alleging discrimination.

23. Defendants deny the allegations contained in Paragraph 23 of the First Amended Complaint.

24. The allegations contained in Paragraph 24 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 24 of the First Amended Complaint are denied.

25. Defendants deny the allegations contained in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the First Amended Complaint.

## **COUNT I**

30. Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 29 above in response to Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31 of the First Amended Complaint.

32. The allegations contained in Paragraph 32 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 32 of the First Amended Complaint are denied.

33. Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the First Amended Complaint.

## COUNT II

35. Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 38 above in response to Paragraph 34.

36. The allegations contained in Paragraph 36 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 36 of the First Amended Complaint are denied.

37. Defendants deny the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39. Paragraph 39 of the First Amended Complaint is a demand for jury trial to which no response is required.

40. Paragraph 40 of the First Amended Complaint is a prayer for relief to which no response is required. To the extent that a response is deemed necessary, the allegations contained in Paragraph 40 of the First Amended Complaint are denied.

**WHEREFORE**, Defendants request that this Court:

1. Enter judgment in favor of Defendants and against Plaintiff;

3. Award Defendants costs, attorneys' fees and expenses in this action; and

4. Award Defendants such other relief as is just and proper.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred because Wyeth and/or Winters were not employers of Plaintiff pursuant to Massachusetts General Laws, Chapter 151B §1(5).

4. Plaintiff has failed to state a claim for discrimination under Massachusetts General Laws, Chapter 151B.

5. Plaintiff's claims are barred by his failure to mitigate his damages.

6. Plaintiff's claims are barred, in whole or in part, because he has failed to exhaust his administrative remedies.

7. Plaintiff's claims are not cognizable under Massachusetts law.

8. Plaintiff's claims are barred, in whole or in part, by waiver, laches and/or estoppel.

9. Plaintiff cannot satisfy the continuing violations doctrine under Massachusetts law.

10. Plaintiff's claims are barred because he has sustained no damages.

11. Plaintiff's claims are barred because he has failed to allege a cognizable pattern and practice of discrimination.

12.  Plaintiff has failed to establish any basis for asserting compensatory damages, punitive damages and equitable relief.

13.  Defendants acted reasonably and in good faith.

Respectfully submitted,

WYETH PHARMACEUTICALS
and ROBERT WINTERS


_____/s/ Donald W. Schroeder_____
Donald W. Schroeder, BBO #646700
Mintz, Levin, Cohn, Ferris, Glovsky,
 and Popeo, P.C.
One Financial Center
Boston, MA  02111

Dated: September 21, 2004                             (617) 542-6000

## CERTIFICATE OF SERVICE

      I, Donald W. Schroeder, do hereby certify that I caused a copy of the foregoing Answer to the First Amended Complaint to be served upon counsel of record for the Plaintiff via first class mail this 21st day of September, 2004 to the following address:

> Howard Mark Fine
> 86 Sherman Street
> Cambridge, MA 02140

                                      /s/ Donald W. Schroeder
                                      Donald W. Schroeder