UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                    )
KENNETH ADAMSON                     )
       Plaintiff                    )
                                    )
          v.                        )
                                    )
WYETH PHARMACEUTICALS f/n/a         )   C.A. NO. 04-CV-11623-DPW
WYETH-AYERST PHARMACEUTICALS)
       Defendant                    )
                                    )
ROBERT WINTERS                      )
       Defendant                    )
_____)

PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

COMES now Kenneth Adamson, plaintiff in the above-captioned matter ("Plaintiff"), and, with assent of defendants Wyeth Pharmaceuticals f/n/a Wyeth-Ayerst Pharmaceuticals and Robert Winters ("Defendants"), hereby moves this Honorable Court to amend its scheduling order of August 26, 2004 by extending the November 5, 2004 deadline for designating trial experts and disclosing information contemplated by Fed.R.Civ.P. 26.  As grounds therefore, Plaintiff states the following:

1.   On August 26, 2004, Judge Douglas P. Woodlock denied Defendants' partial motion to dismiss with respect to Plaintiff's continuing violation theory.

2.   Pursuant to that order, Plaintiff exercised diligent efforts to locate and retain a competent witness in the field of Industrial/Organizational Psychology to render an expert opinion on Plaintiff's claim that Defendants engaged in a pattern and practice of race discrimination.  See First Amended Complaint, Relief Requested, and Jury Demand, ¶ 28.

3.	Such efforts have included contacting potential expert witnesses for the past two months not only in Massachusetts, but in Colorado as well.

4.	To date, for financial reasons, and due to the specialized nature of this field, Plaintiff has been unable to secure an expert in this field for the above purpose.

5.	In addition, Plaintiff has communicated with a local expert economist to render an opinion on lost wages and compensation.  Plaintiff anticipates that this witness likely will be retained in the next two weeks, or less.

6.	In that the current scheduling order allows for deposition discovery until February 18, 2005, no prejudice would ensue to the parties were this Honorable Court to grant Plaintiff extension.

WHEREFORE, for the above reasons, Plaintiff requests that this Honorable Court extend the period for designating trial experts and providing reports to counsel to December 31, 2004 and, similarly, grant Defendant until January 28, 2005 for doing same.

| Respectfully submitted by: | Respectfully submitted by: |
|---|---|
| /s/ Howard Mark Fine<br>Howard Mark Fine, Esquire<br>Counsel for Kenneth Adamson<br>86 Sherman Street<br>Cambridge, Massachusetts  02140-3233<br>B.B.O. No. 554671<br>617-868-9200 | /s/ Donald W. Schroeder, Esquire<br>Donald W. Schroeder, Esquire<br>Counsel for Wyeth Pharmaceuticals<br>  and Robert Winters<br>Mintz, Levin, Cohn, Ferris,<br>  Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts  02111<br>B.B.O. 646700<br>617-542-6000 |

Dated: November 5, 2004

<u>CERTIFICATE OF SERVICE</u>

  COMES now Howard Mark Fine, counsel for plaintiff Kenneth Adamson in the above-captioned matter, and hereby affirm that I have forwarded by first class mail to the defendants' counsel below the foregoing motion.

    Donald W. Schroeder, Esquire
    B.B.O. 646700
    Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.
    One Financial Center
    Boston, Massachusetts  02111
    617-542-6000

      Respectfully submitted by:


    /s/ Howard Mark Fine
    Howard Mark Fine, Esquire
    Counsel for Kenneth Adamson
    86 Sherman Street
    Cambridge, Massachusetts  02140-3233
    B.B.O. No. 554671
    617-868-9200

Dated: November 5, 2004