UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*FILED IN CLERK'S OFFICE*

*2005 FEB 22 P 3: 23*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

|  |  |
|---|---|
| KENNETH ADAMSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 04-CV-11623 (DPW) |
| ) | |
| v. ) | |
| ) | |
| WYETH PHARMACEUTICALS f/k/a, ) | |
| WYETH-AYERST PHARMACEUTICALS ) | |
| and ROBERT WINTERS, ) | |
| ) | |
| Defendants. ) | |

### STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF DISCOVERY

WHEREAS, the parties acknowledge that certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive and confidential information ("Confidential Materials"), including but not limited to the following:

(1) documents from Wyeth Pharmaceuticals ("Wyeth") that contain proprietary information;

(2) documents from Wyeth that contain financial and other business information regarding Wyeth and its clients and customers;

(3) human resources information from Wyeth including but not limited to personnel data and personnel files for current and former employees (other than the Plaintiff) which may include salary, performance and other personal information;

(4) Kenneth Adamson's financial information including, but not limited to, tax returns and associated schedules; and

(5)   Kenneth Adamson's personnel records, including, but not limited to personnel records from Merck and Innovex.

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto that the following provisions shall govern disclosure and use of all documents, testimony, answers to interrogatories and other information produced or given by the parties in the course of discovery in this action ("Discovery Materials"):

1.   Counsel for any party may in good faith designate any Discovery Materials or portions thereof as "Confidential" by means of a stamp or other designation on the documents of the word "Confidential." Except as otherwise agreed to between counsel for the parties, such designation shall be made at the time such materials are produced or given, or when they determine, or are notified in writing by their adversary, that such document or material has been designated Confidential. The failure to stamp a document or other tangible material will not adversely affect the confidentiality of such document or material once it has been designated by one of the parties. Discovery Materials designated Confidential will be used by the parties solely for the purposes of preparing for and conducting the litigation in this action and any appellate proceedings in the action, and confidential documents or information shall not be divulged to any person or entity except as otherwise provided for herein.

Any deposition or other testimony may be designated as Confidential by any of the following means:

(a)   stating orally on the record of a deposition that certain information or testimony is Confidential or that the entire deposition transcript is so designated; or

(b)   sending written notice within 30 days from receipt of a deposition transcript designating all or a portion of the transcript as Confidential.

2. Unless otherwise ordered by the United States District Court for the District of Massachusetts (the "Court"), Discovery Materials designated Confidential, and the information contained therein, shall be maintained in confidence by the counsel of record for the party to whom such materials are produced or given solely for use in connection with this action, and shall not be disclosed by such counsel to any person except:

    (a) the Court;

    (b) the legal, clerical, or other support staff assigned to assist such counsel of record in the preparation of this litigation;

    (c) the parties to this action;

    (d) experts or consultants retained to testify or consult regarding this case;

    (e) trial or deposition witnesses in preparation for and during testimony, but only to the extent that such Discovery Materials that are designated Confidential are necessary for the preparation or testimony of such trial or deposition witnesses;

    (f) any other person upon written consent from counsel for the party which produced or gave such Discovery Materials.

Before any person referred to in subparagraphs (c) through (g) of this paragraph 2 may be given access to Discovery Materials designated Confidential, or to information contained therein, that person shall be provided with a copy of this Stipulation and Order and shall execute the Agreement To Be Bound By Protective Order, which is attached hereto.

3. Any person receiving Discovery Materials designated Confidential shall not reveal or discuss such materials or information contained therein to or with any person who is not entitled to disclosure of such materials under paragraph 2 hereof and shall use such materials and the information contained therein solely in connection with this action.

4. Nothing herein shall prohibit either of the parties:

    (a)    from using Discovery Materials designated Confidential or from referring to or reciting any information contained in such materials, in connection with any trial, hearing, motion, or other proceeding in this action. In the event that either of the parties wishes to use, file, refer to, or recite any information contained in Discovery Materials designated Confidential, such party shall submit a motion to the Court that such materials be filed under seal, or

    (b)    from seeking further protection with respect to the use of any Discovery Materials.

5.    In the event any of the parties disagrees with the designation by the producing party of any information as Confidential or with the redaction of any document, the parties will first attempt to resolve such dispute on an informal basis before presenting the dispute to the Court. Thereafter, the matter may be submitted to the Court by motion of either party. Discovery Materials designated "Confidential" shall maintain that designation for all purposes unless and until the Court rules that material so designated is not of a confidential nature or otherwise redesignates the information. No party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not constitute a waiver and shall not preclude a subsequent attack on the propriety of such designation.

6.    Within ten (10) days after the final determination of this action, all Discovery Materials designated Confidential and all copies thereof, including but not limited to any notes or the transcriptions made therefrom, shall be returned to counsel for the party who initially produced such Discovery Materials (unless previously permanently discarded, in which case counsel for the party to whom such materials were produced or given shall certify in writing to

the counsel for the party which produced or gave such materials that such materials have been permanently discarded), provided that copies may be kept of any Discovery Materials that have been included in papers filed with the Court.

7.  The final determination or settlement of this action shall not relieve any person who has received any Discovery Materials designated Confidential or any information therefrom from the obligations imposed by this Order. The Court shall retain jurisdiction for thirty (30) days after such final determination or settlement to enforce, dissolve or modify the provisions of this Order.

8.  Nothing herein shall preclude any party from applying to the Court for an Order modifying this Stipulation and Order, or shall preclude any modification of this Order with the consent of all parties hereto.

9.  The undersigned counsel represent that they have reviewed the terms of this Stipulation and Order with their respective clients and that their clients understand the meaning, intent and practical impact of this Stipulation and Order for the production and exchange of Discovery Material designated Confidential.

| | |
|---|---|
| KENNETH ADAMSON, By his attorney, | WYETH PHARMACEUTICALS and ROBERT WINTERS, By its attorneys, |
| *[signature]* | *[signature]* |
| Howard M. Fine<br>86 Sherman Street<br>Cambridge, MA 02140<br>(617) 868-9200<br>BBO# 554671 | Donald W. Schroeder<br>Mintz Levin Cohn Ferris Glovsky<br>& Popeo PC<br>One Financial Center<br>Boston, MA 02111<br>(617) 542-6000<br>BBO# 646700 |

- 5 -

- 6 -

Date: _____          Date: _____

So ordered:

_____
Hon. D.P. Woodlock

Dated:_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KENNETH ADAMSON,           )
                           )
        Plaintiff,         )     CIVIL ACTION NO.: 04-CV-11623 (DPW)
                           )
v.                         )
                           )
WYETH PHARMACEUTICALS f/k/a, )
WYETH-AYERST PHARMACEUTICALS )
and ROBERT WINTERS,        )
                           )
        Defendants.        )

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

Before certain confidential information produced pursuant to the above-captioned action may be disclosed to me, I hereby agree to be bound by the Stipulation and Order Regarding Confidentiality of Discovery (the "Stipulation and Order") entered in this action. I further agree as follows:

1.   I have read the Stipulation and Order, a copy of which is attached hereto. I will not disclose any information designated "Confidential" to any person except at the express direction and authorization of the attorney who has disclosed such information to me, and then only upon obtaining assurances that such other person has signed an Agreement similar to this.

2.   I understand that if I violate the terms of the Stipulation and Order or this Agreement, I may be subject to a contempt proceeding, and that the parties, or either of them, may assert remedies against me for such violation.

3.   I agree to submit myself to the personal jurisdiction of the District Court of

- 8 -

Massachusetts in connection with any proceedings concerning the Stipulation and Order and/or this Agreement.

4.  If I am an expert witness, I will return all Discovery Materials designated "Confidential," including documents, summaries, abstracts or copies thereof and notes taken therefrom, which come into my possession, and documents or things which I prepared relating thereto, to counsel supplying them, or successor counsel of record for the parties, if any. I also will return all copies of any work product which includes or references Discovery Materials designated "Confidential."

5.  If I am not an expert witness, I will not take possession of any Discovery Material designated "Confidential" or other materials of copies thereof. I will review such material only in the presence of counsel.

Dated: _____            _____
                                    Signature

                                    _____
                                    Name (Print)

LIT 1499442v3