UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

*Courtesy Copy*
*DO NOT SCAN*

KENNETH ADAMSON )
   Plaintiff )
  )
v. )
  )
WYETH PHARMACEUTICALS f/n/a )
WYETH-AYERST PHARMACEUTICALS )
and ROBERT WINTERS )
  )
   Defendants )

Civil Action No.: 04-CV-11623-DPW

## DEFENDANTS WYETH PHARMACEUTICALS' AND ROBERT WINTERS' MOTION FOR SUMMARY JUDGMENT

In accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants Wyeth Pharmaceuticals ("Wyeth") and Robert Winters ("Winters") (collectively the "Defendants") move for summary judgment on the Amended Complaint filed by Plaintiff Kenneth Adamson ("Adamson" or "Plaintiff").

As demonstrated in the documents accompanying this Motion, the undisputed facts conclusively establish that Adamson cannot succeed as a matter of law on his claims of discriminatory failure to hire.

As an initial matter, 3 of the 4 alleged instances are barred by the statute of limitations and due to the unrelated nature of the discrete acts alleged, there is no continuing violation available to save these claims.

Further, Plaintiff has not met his evidentiary burdens. He has (1) failed to put for the direct evidence of any discrimination; (2) failed to put forth instances of discrimination against others; (3) failed to put forth any evidence creating any issue of fact as to whether Defendants'

Case 1:04-cv-11623-DPW    Document 19-2    Filed 03/31/2005    Page 2 of 4

legitimate, non-discriminatory reasons for not hiring him were actually pretext for discrimination based on race; and (4) failed to put forth evidence of similarly situated individuals who were treated differently. Adamson cannot establish that Defendants discriminated against him on the basis of his race.

Defendants submit the following documents in support of their Motion for Summary Judgment: (1) Defendants Memorandum in Support of its Motion for Summary Judgment; (2) Defendants' Local Rule 56.1 Statement of Undisputed Facts in Support of its Motion for Summary Judgment; (3) Appendix of Deposition Testimony in Support of Defendants' Motion for Summary Judgment; and (4) Appendix of Affidavits and Exhibits in Support of Defendants' Motion for Summary Judgment.

Wherefore, no genuine dispute of material facts exists as to the grounds for Plaintiff's claims of discrimination. Accordingly, Defendants ask that the Court grant summary judgment in Defendants' favor on the Amended Complaint in its entirety.

## REQUEST FOR ORAL ARGUMENT

Defendants request to be heard at oral argument on the issues presented in this motion.

WYETH PHARMACEUTICALS
and ROBERT WINTERS

By their attorneys,

_____
Donald W. Schroeder, BBO #646700
Mintz, Levin, Cohn, Ferris, Glovsky,
   and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: March 31, 2005

2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Defendants certify that prior to filing this motion, their counsel conferred with Plaintiff's counsel of record and attempted in good faith to resolve or narrow the issues raised in the motion.

_____
Donald W. Schroeder

## CERTIFICATE OF SERVICE

I certify that on this day I caused a true and accurate copy of the following documents to be served upon Plaintiff's counsel of record, Howard M. Fine, 86 Sherman Street, Cambridge, MA 02140, via hand delivery:

1. Defendants Wyeth Pharmaceuticals' and Robert Winters' Motion for Summary Judgment;

2. Defendants' Memorandum of Law in Support of their Motion for Summary Judgment;

3. Defendants' Local Rule 56.1 Statement of Undisputed Facts in Support of their Motion for Summary Judgment;

4. Appendix of Deposition Testimony in Support of Defendants' Motion for Summary Judgment; and

5. Appendix of Affidavits and Exhibits in Support of Defendants' Motion for Summary Judgment.

_____
Donald W. Schroeder

Dated: March 31, 2005