UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
KENNETH ADAMSON                     )
     Plaintiff                      )
                                    )
     v.                             )
                                    )
WYETH PHARMACEUTICALS f/n/a         )   C.A. NO. 04-CV-11623-DPW
WYETH-AYERST PHARMACEUTICALS        )
     Defendant                      )
                                    )
ROBERT WINTERS                      )
     Defendant                      )
_____)
```

## PLAINTIFF'S REVISED STATUS REPORT

Upon reviewing the status report filed on behalf of defendants Wyeth Pharmaceuticals f/n/a Wyeth Ayerst Pharmaceuticals ("Wyeth") and Robert Winters (collectively referred to as "Defendants"), plaintiff Kenneth Adamson ("Plaintiff") submits a revised report concerning the litigation status of the above-captioned matter.

**A.    Discovery**

The parties in this matter, with due diligence, have engaged in written discovery (interrogatories and document production requests) as well as conducted multiple depositions in Massachusetts as well as in other jurisdictions. To date, Plaintiff, in addition to conducting a Fed.R.Civ.P. 30(b)(6) deposition, has deposed nine fact witness.

Plaintiff has left open depositions in some instances to allow his client, for example, the opportunity to examine witnesses further on relevant records, some of which are voluminous. Defendants have kept a few depositions open as well. Depending upon the outcome of summary judgment, Plaintiff may need to conduct additional but limited

follow-up discovery on some of these witnesses as well as potentially seek leave of court to examine other decision makers involved in the hiring and selection of candidates for sales management positions in the relevant geographical area. Plaintiff anticipates that any remaining discovery issues mostly likely will be resolved cooperatively through discussion with counsel, with the possible exception, for example, of disputes relating to Wyeth's diversity initiatives and its affirmative action plan(s).[1]

### B. Pending Motions

Before the Court are Defendants' motion for summary judgment and Plaintiff's Opposition thereto. In addition, Plaintiff has filed a motion asking the Court to seal Plaintiff's opposition to summary judgment, pursuant to the parties' confidentiality agreement. Presently, neither party has filed any motions to compel.

### C. Settlement

Plaintiff's initial offer of settlement was rejected by Defendants and there have been no offers or counter-offers made since then. Plaintiff remains willing to mediate the dispute. Defendant has expressed no interest in pursuing settlement discussions at this time.

### D. Proposed Trial and Pre-Trial Schedule

Plaintiff's counsel concurs with Defendants' suggested schedule below of pre-trial and proposed guidelines in this action.[2]

---

[1] See Defendants' Summary Judgment Exhibits, and, in particular, the February 17, 2005 transcripts of Eugene Sackett at 29:5-41:2 and Carmen Boswell at 33:13-64:17. Contained therein are numerous objections stated by each counsel at the time of Wyeth's Fed.R.Civ.P. 30(b)(6) deposition. Plaintiff respectfully disagrees with Defendants' assertion that it was unaware of any discovery disputes prior to April 19, 2005.

[2] On April 19, 2005, Plaintiff conferred twice with Defendants' counsel regarding the case's status, but not on a litigation schedule, such as the one contained in Defendants' filing.

| **Event** | **Date** |
|---|---|
| Final Pretrial Conference | If necessary, within 30 days following the Court's ruling on Defendants' Summary Judgment motion. Matters to be addressed include firm dates for the remainder of the pre-trial schedule and trial, motions *in limine*, and scheduling issues. |
| List of Proposed Witnesses Submitted to the Court | One week prior to the start of trial. |
| Proposed Jury Instructions Submitted to the Court | One week prior to the start of trial. |
| Motions *in limine* | Three days prior to the Final Pretrial Conference. |
| Trial | Counsel for Defendants is unavailable the last week in June 27 - July 5, 2005 and July 25 - August 5, 2005. Counsel for Plaintiff is unavailable for the weeks of August 15, 2005 to September 2, 2005. |

Respectfully submitted by:

_____
/s/ Howard Mark Fine, Esquire
Howard Mark Fine, Esquire
Counsel for Kenneth Adamson
86 Sherman Street
Cambridge, Massachusetts  02140-3233
B.B.O. No. 554671
617-868-9200

Dated: April 22, 2005

## PLAINTIFF'S CERTIFICATE OF SERVICE

  COMES now Howard Mark Fine, counsel for plaintiff in the above-captioned matter, and hereby affirms that the foregoing revised status report has been forwarded on April 22, 2005, by first class mail, postage prepaid, to counsel for defendants, Donald W. Schroeder, Esquire, Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts  02111:

            Respectfully submitted by:

            _____
            /s/ Howard Mark Fine, Esquire
            Howard Mark Fine, Esquire

Dated: April 22, 2005