UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                            )
KENNETH ADAMSON,                            )
          Plaintiff,                        )
                                            )
          v.                                )
                                            )
WYETH PHARMACEUTICALS f/n/a                 )    Civil Action No.: 04-C V-11623-DPW
WYETH-AYERST PHARMACEUTICALS )
and ROBERT WINTERS,                         )
                                            )
          Defendants.                       )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO FILE A POST-HEARING REPLY
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Wyeth Pharmaceuticals ("Wyeth") and Robert Winters ("Winters")

(collectively the "Defendants"), respectfully oppose Plaintiff Kenneth Adamson's ("Adamson")

Motion for Leave of Court to File a Post-Hearing Reply to Defendants' Motion for Summary

Judgment ("Motion").  As grounds for its opposition, Defendants state as follows:

**PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER**

1.      **Plaintiff's Motion Violates the Local Rules**

As a threshold matter, Plaintiffs' Motion violates the Court's Local Rules.  Pursuant to

L.R. 7.1(A)(2), "[n]o motion shall be filed unless counsel certify that they have conferred and

have attempted in good faith to resolve or narrow the issue."  Counsel for Plaintiff never

conferred with Defendants' counsel concerning the Motion, as is required by L.R. 7.1(A)(2), nor

does the Motion so certify.  For that reason alone, the Motion is improper and should be denied.

2.        **Plaintiff's Pursuit of a "Mulligan" is Inappropriate**

Aside from a technical violation, Plaintiff's Motion seeks to disrupt the procedural posture of this case.  Defendants filed their Motion for Summary Judgment on March 31, 2005.  Pursuant to an extension, Plaintiff filed his Opposition on April 19, 2004.  The parties conducted lengthy oral argument on August 5, 2005.[1/]  Now, after having had ample time to argue this matter before the Court, Plaintiff seeks to have the proverbial "second bite at the apple."  In addition, the Motion does not advance any new arguments; it merely regurgitates the arguments Plaintiff made in his initial 20 page Opposition memorandum.

The Court should not permit parties to continue submitting argument on a matter that has been argued and submitted for decision; to do so would leave parties free to revise, augment and supplement their arguments *ad infinitum*.  The Court should deny Plaintiff's Motion because Plaintiff admits that the sole purpose of the Motion is to present "a rebuttal to Defendants' oral arguments concerning Plaintiff's pattern and practice case."  (Motion at p. 2).  This is an insufficient ground to obtain leave to supplement his already voluminous motion papers.  The Court has already provided Plaintiff with ample opportunity to rebut Defendants' arguments, and therefore, the Motion should be denied.

---

[1/]        Defendants did not seek leave of Court to file a reply in support of their Motion for Summary Judgment. Therefore, the instant Motion cannot be viewed as a sur-reply.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion.

WYETH PHARMACEUTICALS
and ROBERT WINTERS

By their attorneys,


_____ /s/  Donald W. Schroeder _____
Donald W. Schroeder, BBO #646700
Mintz, Levin, Cohn, Ferris, Glovsky,
  and Popeo, P.C.
One Financial Center
Boston, MA  02111
Dated:  August 22, 2005          (617) 542-6000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a true and accurate copy of Defendants' Opposition to Plaintiff's Motion for Leave to File a Post-Hearing Reply to be served upon Plaintiff's counsel of record, Howard M. Fine, 86 Sherman Street, Cambridge, MA 02140, via first class mail.

  /s/  Donald W. Schroeder<br>
Donald W. Schroeder

Dated:  August 22, 2005

LIT 1537809v2